Robert G. **CISCO,** Plaintiff–Appellant,

v.

Michael J. **ASTRUE, Commissioner of Social Security,** Defendant–Appellee.

No. 07–35235.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2008.

Filed July 23, 2008.

ed by 9th Cir. R. 36–3.

Michael C. Blanton, Elie Halpern & Associates, PS, Olympia, WA, Victoria Blais Chhagan, Law Offices, Amy M. Gilbrough, Halpern & Oliver, PLLC, Seattle, WA, for Plaintiff–Appellant.

Joanne E. Dantonio, Kathryn A. Miller, Social Security Administration Office of the General Counsel, Brian C. Kipnis, Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SANDOVAL,* District Judge.

## MEMORANDUM **

Robert Cisco appeals the district court's summary judgment affirming the Commissioner of Social Security's ("Commissioner") denial of Cisco's application for disability insurance benefits pursuant to Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cisco argues that the evidence in the record does not support the finding that he did not have a severe impairment on or before June 30, 2001, his date last insured. We disagree. The Commissioner's final decision must be affirmed if it is supported by substantial evidence and free of legal error. *See Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). When the evidence can be rationally interpreted in more than one way, "it is the [Administrative Law Judge's] conclusion that must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999) (citation omitted). The Administrative Law Judge ("ALJ") viewed the entire record and concluded that Cisco did not suffer from a severe impairment as of June 30, 2001. An evaluation of the medical evidence shows that Cisco had "the physical and mental ability ... necessary to perform [basic work] activities." Social Security Ruling 85–28, at *4 (1985), *available at* 1985 WL 56856. The evidence also indicates that Cisco's back pain occurred intermittently and responded well to medications. The record therefore demonstrates that substantial evidence exists to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

support the ALJ's conclusion. *See Thomas,* 278 F.3d at 954.

Cisco contends that it was legal error for the ALJ to find, without first developing the record, that there was no evidence Cisco's back impairment caused him any limitation in his ability to function before his date last insured. We disagree. An ALJ has the "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001) (internal quotation marks omitted). An ALJ's duty to "conduct an appropriate inquiry" is triggered when the record contains "ambiguous evidence" or when the "record is inadequate to allow for proper evaluation of the evidence." *Id.* (internal quotation marks omitted).

The record demonstrates that Cisco has claimed that his single, chronic back condition developed in an unbroken progression since 1996; therefore, the development of his condition has not involved any "obvious vicissitudes" in his health. *Cf. Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir.2005) (noting that the evidence was sufficiently ambiguous to trigger the ALJ's duty because of the "obvious vicissitudes" in the plaintiff's health). Cisco also consistently reported that he obtained "good relief" from medications, that medications controlled his intermittent back pain "quite well," and that he used muscle relaxers only "sparingly." The ALJ relied on a record showing Cisco's infrequent complaints of back pain, as well as doctors' reports indicating no work-related functional limitations prior to that date.

In addition, Cisco expressly waived his right to appear and testify at his hearing, and has never claimed that his waiver was invalid. Cisco did not respond to documentation (1) requesting that he update the record, (2) explaining that he could obtain an attorney for the hearing, and (3)

attempting to schedule medical evaluations. In this case, the sporadic nature of Cisco's medical records supports the ALJ's determination that Cisco's impairments were not severe as of June 30, 2001. Cisco never asserted that his medical records were incomplete. The medical evidence in this case is therefore neither ambiguous nor inadequate, because it shows the absence of any significant work-related functional limitations prior to Cisco's date last insured. The record therefore demonstrates that it was not legal error for the ALJ to make a finding without further developing the record. *See Thomas,* 278 F.3d at 954.

**AFFIRMED.**